UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MITCHELL SCHLEY,<br><br>               Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation, and MICHELE GAMMER,<br><br>               Defendants. | Civil Action No.<br>2:08-cv-3589-SDW-MCA<br><br>**DECLARATION OF**<br>**MICHELE GAMMER** |

I, MICHELE GAMMER, hereby declare the following:

    1.    I am employed by defendant Microsoft Corporation ("Microsoft") as Associate General Counsel in its Legal and Corporate Affairs Department ("LCA) in the Redmond, Washington office. I manage the Employment and Benefits Law Group within LCA. I am fully familiar with the facts stated herein.

    2.    I currently reside in King County, Washington. I have resided in the State of Washington for the past twenty-five years. I have never resided in the State of New Jersey and have not visited New Jersey in the past forty-five years. The last time I visited New Jersey was as a young child when my parents drove me there to see a relative.

3. Microsoft is a Washington Corporation with its principal place of business located in Redmond, Washington. As noted above, I am employed in Microsoft's Redmond, Washington office. My job responsibilities generally do not place me in contact with the State of New Jersey. Nor do I have regular contacts with the State of New Jersey for any other purpose. In fact, before the dispute that gave rise to this lawsuit arose, to the best of my knowledge, I had no occasion to communicate with anyone in the State of New Jersey.

4. The employment offer at issue in this lawsuit was for an employment law attorney position reporting to me in Redmond, Washington. Neither I nor anyone else at Microsoft actively recruited Plaintiff Mitchell Schley ("Plaintiff") in the State of New Jersey for this position. Rather, Plaintiff responded to a posting on an Internet job board.

5. I never traveled to New Jersey in connection with Plaintiff's application for employment with Microsoft. I met with Plaintiff on a few occasions in the State of Washington. I also recall having several telephone conversations with him in connection with his employment application. For each of these conversations, I was in the State of Washington and Plaintiff was either on his work telephone in New York City or on his cell phone. I only recall calling Plaintiff's New Jersey residence once to reach him.

6. Attached hereto as Exhibit A is a true copy of my letter to Plaintiff

2

dated June 16, 2006. I prepared this letter from my office in Redmond, Washington.

7.   Upon information and belief, Microsoft was first served with the Summons and Complaint at the offices of its registered agent in the State of Washington on July 8, 2008. I have never been personally served in this matter. Sometime after 10:00 p.m. on July 8, 2008, and before 6:00 a.m. on July 9, 2008, the Summons and Complaint was left at the doorway of my residence in King County, Washington. I picked the papers up on the morning of July 9 at around 6:00 a.m. I have subsequently received additional copies of the summons and complaint by mail.

I declare under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge and belief.

Executed on: July 22, 2008        _Michele Gammer_
                                   MICHELE GAMMER

# Exhibit A

Redmond, WA 98052-6399      http://www.microsoft.com/

**Microsoft**

June 16, 2006

**PERSONAL AND CONFIDENTIAL**

Mr. Mitchell Schley
24 Heather Way
East Brunswick, NJ 08816

**Re: Senior Attorney Role at Microsoft**

Dear Mitchell:

    As I communicated during today's phone call, Microsoft Corporation is withdrawing its offer for the senior attorney role. I regret having to take this action, but feel that it is necessary as I have lost confidence in your ability to succeed in the position and to work effectively with me and others.

    As you know, the senior attorney role that we have been discussing in the Employment and Benefits Law Group supports the Staffing function and is primarily focused on compliance responsibilities relating to new hires and departing employees. The person filling that role must be highly diligent and responsive in handling compliance responsibilities and demonstrate collegiality and very strong proactive communication skills. Because the position reports to me and works independently on matters of significance to the company, I need to feel confident that I can work comfortably with the person filling the role and that I can count upon him or her to carry out the responsibilities of the position reliably and diligently without close supervision.

    Recent events and our conversations have caused me to lose confidence in your ability to meet these critical requirements of the position. In particular, I have learned in the past few days that you failed to cooperate during the recruiting process by ignoring repeated well documented emails and phone calls that were made to you by several different staffing representatives prior to June 12 requesting that you complete an employment application required to be hired at Microsoft. In addition, although repeatedly requested to do so, you did not sign the background check forms in sufficient time to allow a background check to be conducted and completed in a timely manner by June 12, a date set as a condition of hire. While the results of the background check ultimately were not a basis for disqualification, our discussion about the background check and your unexplained delays in completing our pre-hire process raised serious concerns, as you were not proactively responsive in addressing my questions and seemed at times combative, unapologetic, and inclined to deflect responsibility for your lack of diligence and failure to cooperate by blaming others.

Mr. Mitchell Schley
June 16, 2006
Page 2

      For these reasons, the offer is being withdrawn. You should feel free to contact John Olsen, HR Director for LCA, if there are out-of-pocket expenses relating to the recruiting process that have not been reimbursed.

      Sincerely,

*Michele A. Gammer*

Michele A. Gammer
Associate General Counsel
Legal & Corporate Affairs

MAG:ln
Copy to: John Olsen
        Jinhee Kuhl
        Jim Thomson

***Microsoft***