<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MITCHELL SCHLEY,<br><br>                Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation, and<br><br>MICHELLE GAMMER<br>                Defendants. | Civ. No. 08-3589 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

Mitchell Schley, Esq.
24 Heather Way
East Brunswick, NJ 08816
*Appearing Pro Se*


Rosemary Alito, Esq.
K&L GATES LLP
One Newark Center, Tenth Floor
Newark, NJ 07102


*Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

On November 24, 2008 this Court entered an Order in which Defendants, Microsoft Corporation and Michele Gammer, motions to dismiss Plaintiff's claims for breach of contract and breach of the implied covenant of good faith was granted, while Defendants' motion to dismiss the Plaintiff's claim for promissory estoppel and motion to dismiss all claims against Defendant Gammer for lack of personal jurisdiction was denied.

On December 10, 2008 defendants filed a motion to amend the Court's order. Defendants seek to amend the November 24, 2008 Order, which denied the defendants' motion to dismiss for lack of personal jurisdiction, so that the motion is denied without prejudice to their right to renew any and all arguments and issues on personal jurisdiction or at an evidentiary hearing at a later date. The Defendants' motion to amend is granted for the reasons set forth below.

**I. Background**

On November 24, 2008, Defendants, Microsoft Corporation and Michele Gammer moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Plaintiff's claim against Microsoft for 1) promissory estoppel, 2) breach of contract, 3) breach of the implied covenant of good faith and fair dealing, and have moved 4) to dismiss all claims against Defendant Gammer pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Defendants' motions to dismiss Plaintiff's claims for breach of contract and breach of the implied covenant of good faith were granted, while Defendants' motion to dismiss the Plaintiff's claim for promissory estoppel and motion to dismiss all claims against Defendant Gammer for lack of personal jurisdiction were denied.

Defendants filed a motion to amend the November 24, 2008 Order to clarify that the motion to dismiss for lack of personal jurisdiction is denied without prejudice to Defendants' right to revisit the personal jurisdiction issue with respect to Ms. Gammer. A denial without prejudice will permit

defendants to renew any and all arguments and issues on personal jurisdiction by motion or at an evidentiary hearing at a later date.

## II. Discussion

Defendants moved to dismiss all claims against Defendant Gammer pursuant to Federal Rule of Civil Procedure 12 (b)(2), which requires a court to dismiss a complaint when jurisdiction over the defendant is lacking. When no evidentiary hearing is held on the motion to dismiss, the plaintiff need only present a prima facie showing of sufficient contacts with the forum state. Miller Yacht Sales, Inc. v. Smith, 384 F. 3d 93, 97 (3d Cir. 2004). However, the plaintiff may not rely on the pleadings alone and "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Patterson by Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990). Courts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff. See Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 142 n1 (3d Cir. 1992). The Court ruled that the Plaintiff met his burden at this stage of the litigation and that the Court does have jurisdiction over Defendant Gammer.

"Of course, by accepting a plaintiff's allegations as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." Id. (emphasis added). Upon meeting the *prima facie* burden, a plaintiff may proceed, but can be challenged to establish jurisdiction again "at a pre-trial hearing where the burden is then raised to a preponderance of the evidence standard, such as on a motion for summary judgment, or at trial where the higher burden also attaches, but no other preliminary motions on the papers can re-visit the jurisdiction issue." LaRose v. Sponco Mfg., 712 F.Supp. 455, 458-59 (D.N.J. 1989).  A denial of a preliminary challenge to personal jurisdiction does not bar the

renewal of that motion after evidence bearing on it has been obtained by pretial discovery or presented at trial. See Rice v. Nova Biomedical Corp., 38 F.3d 909, 914-915 (7th Cir. 1994).

In opposition to this motion, the Plaintiff cites various cases including Wright v. Xerox Corp., 882 F. Supp. 399, 411 (D.N.J.1995). In Wright, the district court denied a motion to dismiss for lack of personal jurisdiction as to one defendant. The decision suggests nothing with regard to whether the motion was denied with or without prejudice. The Plaintiff also cites One World Botanicals Ltd. V. Gulf Coast Nutritionals, Inc., 987 F. Supp. 317 (D. N.J. 1997) in which the opinion also does not state that the denial was with prejudice.  The cases cited by Plaintiff do not offer sufficient reasoning as to whether an order should be decided with or without prejudice during the early stages of litigation.

The plaintiff bears the burden of establishing the defendant's contacts with the forum state that give rise to personal jurisdiction. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir 2002). The Court has applied the *prima facie* standard for this motion which does not alleviate the plaintiff's burden of proving personal jurisdiction during a pre-trial evidentiary hearing or at trial. To extinguish Plaintiff's burden of proof, merely on a *prima facie* showing, would be unfair to the Defendants.

## Conclusion

For the aforementioned reasons, the Court will grant Defendants' motion to amend the November 24, 2008 Court Order so that the Defendants' motion to dismiss all claims against Defendant Michele Gammer for lack of personal jurisdiction is denied without prejudice to Defendants' right to revisit the personal jurisdiction issue with respect to Ms. Gammer, including the right to renew any and all arguments and issues (factual and legal) previously raised with respect to personal jurisdiction of Ms. Gammer either by motion or at an evidentiary hearing.

_____
                    *s/Dickinson R. Debevoise*
                    Dickinson R. Debevoise, U.S.S.D.J.

Dated:    January 23, 2009